UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Wayne Eddington, #15729-171, aka Timothy W. Eddington, former #s 3408, 294715, 109921, | ) C/A No. 8:09-2669-RBH-BHH )  )  ) |
| Plaintiff, | ) ) |
| v. | ) Report and Recommendation ) |
| Eldon Wyatt; Columbia Care Center; Patricia Prout; Doctor Harden; Nurse Sarah; Doctor Gerald A. Wilson, | )  )  )  )  ) |
| Defendant. | ) |

Plaintiff, a prisoner incarcerated at the U.S. Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri, files this civil action against Columbia Care Center (CCC), its Director, and medical personnel who are either employed by, or under contract with, that facility. According to the plaintiff, he contracted Methicillin-Resistant Staphylococcus Aureus ("MRSA"), commonly referred to as a staph infection, after each of three surgeries that were performed on him while he was housed at CCC. He also alleges pain medication was intentionally withheld from him. He seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to

allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The undersigned is treating this as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 and other civil rights statutes because they do not act under color of *state* law.

A "*Bivens* claim for damages ... requires proof of two elements: (1) a violation of [Plaintiff's] constitutional rights, (2) by agents acting under color of federal law." *Goldstein v. Moatz*, 364 F.3d 205, 210 (4th Cir.2004) (citing *Bivens,* 403 U.S. at 389). Neither the Court of Appeals for the Fourth Circuit nor the Supreme Court has decided whether *Bivens* liability can be imposed upon a private individual. *See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir.2006). However, the Court of Appeals for the Fourth Circuit has explicitly declined to extend *Bivens* to provide a right of action to an inmate who has an adequate state court remedy. Id. at 297.

In South Carolina, an inmate raising claims of negligence can file a medical malpractice action or negligence action against the defendants in a Court of Common Pleas. See, *e.g.*, *Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993); and *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991). Consequently, the plaintiff has an adequate state court remedy of which he may

avail himself. Furthermore, it is a well settled rule of law that claims of negligence or medical malpractice do not support an action for damages in a civil rights action. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); and *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987).

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Bruce Howe Hendricks
United States Magistrate Judge

December 10, 2009
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).