IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Timothy Wayne Eddington, #15729-171, <br> *aka* Timothy W. Eddington, former #s <br> 3408, 294715, 109921, <br><br> Plaintiff, <br><br> v. <br><br> Eldon Wyatt; Columbia Care Center; <br> Patricia Prout; Doctor Harden; Nurse <br> Sarah; Doctor Gerald A. Wilson, <br><br> Defendants. | Civil Action No.: 8:09-cv-02669-RBH <br><br><br><br><br> **ORDER** |

Pending before the Court is Plaintiff Timothy Wayne Eddington's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks. This matter is before the Court upon the *pro se* Plaintiff's Complaint alleging deliberate indifference and negligence against several defendants. In the R&R, the Magistrate Judge recommends that the Court dismiss the Complaint without prejudice and without issuance and service of process. The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

## **Procedural History**

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge issued an R&R on December 10, 2009, in which she recommends that the Court dismiss the Complaint. Subsequently, the Plaintiff filed timely objections to the R&R.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

The Plaintiff, a prisoner incarcerated at the U.S. Medical Center for Federal Prisoners, brings this civil action against Columbia Care Center, its Director, and medical personnel who are either employed by, or under contract with, that facility. As such, the Magistrate Judge treated this suit as a *Bivens* action, and recommends that the Court dismiss the Plaintiff's Complaint. In what the Plaintiff labels as his first objection, the Plaintiff concedes that this case should be treated as a *Bivens* action. However, the Plaintiff objects to the Magistrate Judge's recommendation that *Bivens* should not be extended here to provide a right to an inmate who has an adequate state court remedy. An inmate claiming negligence in South Carolina can file a negligence or malpractice action against the alleged defendants in a Court of Common Pleas. *See, e.g., Mitchell v. Holler,* 429 S.E.2d 793 (S.C. 1993); *Yarborough v. Rogers,* 411 S.E.2d 424 (S.C.

1991). As the Magistrate Judge clearly explained, the Fourth Circuit has thus explicitly declined to extend *Bivens* to such an inmate. *See Holly v. Scott,* 434 F.3d 287, 291 (4th Cir. 2006).

In what is labeled as the Plaintiff's second objection, the Plaintiff apparently objects to the fact that neither the Fourth Circuit Court of Appeals nor the Supreme Court has decided whether *Bivens* liability can be imposed upon a private individual. Nonetheless, the Magistrate Judge is correct. In fact, the Fourth Circuit has specifically declined to extend *Bivens* liability to private individuals whose only relationship to the federal government was by contract, at least where the plaintiff had adequate tort remedies under state law. *See Holly,* 434 F.3d at 291-93 (declining to extend *Bivens* to impute liability where "federal government has no stake in [defendant corporation] other than a contractual relationship"; further, that contractual relationship is not enough "to create such liability for its individual private employees"); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 840-41 (1982) (doing business under contract with the government is not enough, by itself, to subject a defendant to constitutional liability).

The Plaintiff also objects by stating that his "claim is more than just merely a claim of negligence or medical malpractice" and that "the medical staff showed deliberate indifference to [his] medical condition." [Objections, p.2]. Again, this assertion does not change the fact that *Bivens* should not be extended to the Plaintiff in the instant matter because he has an adequate state court remedy. Finally, the Plaintiff makes the conclusory statement that his Complaint should not have been "dismiss without prejudice," but he fails to direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations.

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge and finds that summary dismissal is appropriate.

3

**<u>Conclusion</u>**

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Plaintiff's Complaint is dismissed *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 11, 2010